# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER BUSBY,<br>　　　Plaintiff(s),<br>v.<br>LORA CODY,<br>　　　Defendant(s). | Case No.: 2:19-cv-01422-APG-NJK<br><br>**ORDER**<br><br>(Docket Nos. 1-1, 3) |

Pursuant to 28 U.S.C. § 1915, Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. Docket No. 3. Plaintiff also submitted a complaint. Docket No. 1-1.

**I.**　*In Forma Pauperis* **Application**

Plaintiff has submitted the affidavit required by § 1915(a). Docket No. 3. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to § 1915(a). The Clerk's Office is **INSTRUCTED** to file the complaint on the docket. The Court will now review Plaintiff's complaint.

**II.**　**Screening the Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts have the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

1

complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The Court must accept as true all well-pled factual allegations in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. When the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Plaintiff sues Defendant Lora Cody and alleges that three Las Vegas Metropolitan Police Department officers searched his friend's trunk, looking for a dead baby. Docket No. 1-1 at 1, 3. Plaintiff alleges that the officers found two closed bags in the trunk. *Id.* Plaintiff further alleges that the officers asked to whom the bags belonged and Plaintiff's friend told them that they were Plaintiff's. *Id.* Plaintiff alleges that the officers searched the bags without consent and found a blue HP laptop. *Id.* Plaintiff alleges that the officers asked to whom the laptop belonged and Plaintiff said that it was his. *Id.* at 5. Plaintiff alleges that the officers seized the laptop without a warrant. *Id.* at 3. Plaintiff does not know the three officers' names, but alleges that "Lora Cody is named as the impounding officer on the property report." *Id.* Plaintiff submits that these

allegations give rise to two Fourth Amendment violations and seeks $300 in compensatory damages and $600,000 in punitive damages. *Id.* at 4–5, 9.

Plaintiff's complaint does not state whether Plaintiff is suing Defendant in her official or individual capacity. Either way, however, Plaintiff's allegations fail to state a claim. To state a Section 1983 claim against an officer in her official capacity, a plaintiff must allege that the officer was acting pursuant to a government police or custom. *See Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991). Plaintiff fails to do so. To state a Section 1983 claim against an officer in her individual capacity, a plaintiff must allege that the officer personally participated in the alleged right violation. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant."). Put otherwise, an officer cannot be held liable based solely on membership in a group that engages in unconstitutional conduct unless each officer had "integral participation" in the alleged rights violation. *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir. 1996). Plaintiff fails to allege that Defendant personally participated in the alleged Fourth Amendment violations; indeed, Plaintiff basically concedes that he does not know whether Defendant is one of the officers who seized his laptop. Docket No. 1-1 at 3. Plaintiff further fails to allege that each officer, including Defendant, had integral participation in the alleged Fourth Amendment violations. In sum, Plaintiff's complaint fails to state a claim against Defendant.

For the reasons stated above, the complaint is **DISMISSED**.[1] Although it appears unlikely that Plaintiff can overcome the above deficiencies, the Court will permit him the opportunity to amend the complaint if he believes he can do so.

**III.    Conclusion**

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Plaintiff will not have to pay the filing fee of four hundred dollars ($400.00). Plaintiff may maintain this action to conclusion without the need for prepayment of any additional fees or costs or

---

[1] Given the deficiencies outlined herein, the Court need not opine on whether other deficiencies exist that may also prevent Plaintiff from pursuing his claims through this case.

the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

2. The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint on the docket.

3. The complaint is **DISMISSED** with leave to amend. Plaintiff will have until **December 13, 2019**, to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4. **Failure to comply with this order will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: November 13, 2019

_____
Nancy J. Koppe
United States Magistrate Judge