UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER BUSBY,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>LORA CODY, et al.,<br><br>　　　　Defendant(s). | Case No.: 2:19-cv-01422-APG-NJK<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff is an inmate proceeding *pro se* in this action pursuant to 28 U.S.C. § 1915. On August 27, 2019, Plaintiff filed an application to proceed *in forma pauperis* in this action, which the Court granted. Docket Nos. 3, 7. To date, the Court has screened two complaints submitted by Plaintiff. Docket Nos. 7, 11. Pending before the Court is Plaintiff's second amended complaint, which the Court now screens. Docket No. 17.

**I.   BACKGROUND**

On August 16, 2019, Plaintiff submitted a complaint. Docket No. 1. On November 13, 2019, the Court screened Plaintiff's complaint and issued an order dismissing the complaint with leave to amend. Docket No. 7. On December 9, 2019, Plaintiff filed an "amended memorandum of points and authorities," which the Court construed as an amended complaint. Docket No. 9. On July 9, 2020, the Court screened Plaintiff's amended complaint and issued an order dismissing the amended complaint with leave to amend. Docket No. 10. The Court instructed Plaintiff to file a second amended complaint no later than August 10, 2020, and cautioned Plaintiff that failure to comply with the Court's order would result in a recommendation to the district judge that this case be dismissed. *Id.* at 4. On August 13, 2020, the Court issued a report and recommendation recommending dismissal of Plaintiff's amended complaint without prejudice because Plaintiff failed to file a second amended complaint by the August 10, 2020 deadline. Docket No. 11. On

September 2, 2020, United States District Judge Andrew P. Gordon accepted the undersigned's report and recommendation and issued an order dismissing the case. Docket No. 12. On September 14, 2020, Plaintiff filed a motion for reconsideration claiming that he submitted his second amended complaint on August 5, 2020. Docket No. 11. On October 27, 2020, Judge Gordon granted Plaintiff's motion for reconsideration and ordered Plaintiff to file a second amended complaint no later than November 25, 2020. Docket No. 16. On November 12, 2020, Plaintiff filed his second amended complaint. Docket No. 17.

## II. LEGAL STANDARD

Upon granting an application to proceed *in forma pauperis*, courts screen the complaint. 28 U.S.C. § 1915(e). Section 1915(e) permits courts to dismiss a case if the action is legally "frivolous or malicious," the complaint fails to state a claim upon which relief may be granted, or the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.[1] Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679.

---

[1] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Additionally, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*). "However, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### III.   ANALYSIS

Plaintiff sues an unspecified number of unnamed Las Vegas Metropolitan Police officers in their individual capacity. Docket No. 17 at 1, 12. Plaintiff alleges that, on December 3, 2015, his friend drove him to a police impound lot to pick up his vehicle. *Id.* at 2. Plaintiff also alleges that, while in the impound lot's lobby, after identifying himself, he was placed into handcuffs by two police officers. *Id.* at 3. Plaintiff further alleges that the officers took him outside where another officer was located, and that, after some discussion, Plaintiff was arrested because of an outstanding warrant. *Id.*

Plaintiff alleges that, about 30 minutes after his arrest, the officers asked him what car he had arrived in, who else was in the vehicle, and his relationship with anyone in the vehicle. *Id.* Plaintiff further alleges that the officers then asked him if they could search the car and that he said "no" because the car was not his and because his friend's children were inside the car. *Id.* Plaintiff alleges that an officer then told him that police wanted to search the car for "a dead baby." *Id.* at 4.

Plaintiff alleges that an officer approached the car and asked Plaintiff's friend to step out of the car. *Id.* at 4. Plaintiff further alleges that, "according to the conversations and phone calls" between Plaintiff and his friend:

- the officer asked Plaintiff's friend "if he could search her car to secure the scene;"
- Plaintiff's friend said officers could not search her car;
- the officer told her that police "need[ed] to search the car for a dead baby;"

3

- Plaintiff's friend told the officer that there was no dead baby in her car and that only her children were in the back seat;
- the officer told Plaintiff's friend that Plaintiff had consented to a search of her car and that it was in her children's "best interest" that she allow the search before officers impound the vehicle; and
- Plaintiff's friend complied, as "she guessed she didn't have a choice anymore."

*Id.* Plaintiff alleges that the officers then searched only the trunk of the vehicle, where they found Plaintiff's luggage. *Id.* at 5.

Plaintiff alleges that the officers asked him if they could search his luggage and he said "no." *Id.* Plaintiff further alleges that, after a few other questions, the officers said that they needed to search his luggage to look for the dead baby. *Id.* Plaintiff alleges that the officers then searched his luggage without his consent and found a laptop. *Id.* Plaintiff further alleges that the officers never told him why they were seizing the laptop. *Id.* at 4. Plaintiff submits that these events give rise to two Fourth Amendment violations—that he did not consent to any search or seizure and that the search upon his arrest was unlawful—and he seeks $300 in compensatory damages and $600,000 in punitive damages.[2] *Id.* at 11–12.

Plaintiff submits that the instant complaint is not barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), because he is challenging the search and seizure of a laptop that is not implicated in his federal criminal case. Docket No. 17 at 6–12. However, Plaintiff previously alleged in his first amended complaint that the laptop discovered in his luggage was used as evidence against him at his pretrial hearings and sentencing, and in his plea agreement and presentence report.[3] Docket No. 7 at 4. In so doing, Plaintiff certified to this Court that the factual contentions in his

---

[2] Plaintiff states that he is asserting the following claims for relief: "(1) unreasonable search and seizure without a warrant; (2) probable cause; and (3) exigent circumstances[.]" Docket No. 17 at 1–2. The Court construes Plaintiff's statement to mean that these assertions give rise to his alleged Fourth Amendment violations rather than that they, in themselves, constitute causes of action.

[3] The Court may consider Plaintiff's allegations in prior pleadings. *See McKenna v. WhisperText*, 2015 WL 5264750, at *3 & n.32 (N.D. Cal. Sept. 9, 2015) (collecting cases that courts may consider allegations made in prior pleadings)

4

first amended complaint were true. *See* Fed. R. Civ. P. 11(b); *see also NML Capital Ltd v. Republic of Argentina*, 2014 WL 3898021, at *7 (D. Nev. Aug. 11, 2014) (finding party may invoke Rule 11(b) to challenge the truthfulness of an opposing party's factual contentions). Plaintiff now alleges otherwise in an apparent effort to circumvent the *Heck* bar and resurrect his previously dismissed claims. The Court finds that Plaintiff's revised allegations are improper and without merit. *See Franklin v. Arguello*, 2017 WL 662903, at *2–3 (D. Nev. Feb. 17, 2017). In light of Plaintiff's inconsistent allegations and repeated failures to cure the deficiencies in his complaint, the Court further finds that the instant complaint does not cross the line from conceivable to plausible and that future amendment would be futile.

### IV. CONCLUSION

Accordingly, **IT IS RECOMMENDED** that Plaintiff's second amended complaint be dismissed with prejudice.

IT IS SO ORDERED.

Dated: November 24, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).